UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHANIE ROBERTS, on behalf of
herself and others similarly situated

      Plaintiff,

v.                             Case No:   2:15-cv-144-FtM-29MRM

DOWNTOWN JERRY'S, LLC and
ARNOLD TRAVINO,

      Defendants.

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

      This cause comes before the Court on the Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 42) and Settlement Agreement and Employee's Full and Final Release of Claims (Doc. 42-1) filed on January 22, 2016.   Plaintiff Stephanie Roberts together with and Defendants Downtown Jerry's LLC and Arnold Travino request that the Court approve the parties' settlement of their Fair Labor Standards Act ("FLSA") issues.   Upon consideration of the parties' submission, the Court recommends that the settlement agreement be approved.

      To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.   There are two ways for a claim under the FLSA to be settled or compromised.   *Id*. at 1352-53.   The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees.   *Id*. at 1353.   The second

way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id.* When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff alleged that Defendants committed violations under the FLSA for unpaid wages. (Doc. 42 at 1-2 ¶ 2). Specifically, Plaintiff alleges that Defendants improperly compensated her by using a mandatory "tip pool" in which Plaintiff contends that she was forced to share tips with "non-tipped" employees. (*Id.*). Moreover, Plaintiff alleges that Defendants terminated her for complaining about the tipping arrangement. (*Id.*). Defendants deny Plaintiff's allegations. (*Id.*). Defendants assert that that the tip pool was voluntary and valid. (*Id.*). Additionally, Defendants deny retaliation against Plaintiff. (*Id.*). Based on these contentions, *bona fide* disputes exist in this case.

The parties agreed to settle this action to avoid the uncertainty and costs of litigation. (*Id.* at 4). The Joint Motion (Doc. 42) and Settlement Agreement (Doc. 42-1) both indicate that Plaintiff will receive a total of $14,500.00 as payment for all claims. (Docs. 42 at 5 and 42-1 at

3 § 3).   Plaintiff will receive $2,000.00 for the unpaid wages claim, $2,000.00 for the liquidated damages claim, $3,500.00 for the retaliation claim, and $2,000.00 for a general release.   (*Id.*).   Upon consideration, the Court finds that the terms of the Settlement Agreement (Doc. 42-1) are reasonable as to the wages claim, the liquidated damages claim, the retaliation claim, and the general release.

Additionally, Defendants agreed to pay $5,000.00, representing Plaintiff's reasonable attorneys' fees and costs in this action.   (Docs. 42 at 2 ¶ 5 and 42-1 at 3 § 3).   As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered."   715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).   The Court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.   In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In the present case, the amount of attorneys' fees was negotiated as a separate amount apart from the amount to be paid to Plaintiff.   (Doc. 42 at 2 ¶ 5).   Because attorneys' fees and costs were determined separately and apart from Plaintiffs' recovery, the Court finds that the settlement and attorneys' fees were agreed upon without compromising the amount paid to

Plaintiffs.

Without contradictory evidence, the Settlement Agreement and Employee's Full and Final Release of Claims (Doc. 42-1) appears to be a fair and reasonable resolution of the parties' FLSA issues.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the parties' Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 42) be **GRANTED** and that the Settlement Agreement and Employee's Full and Final Release of Claims (Doc. 42-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that, if the District Court adopts this Report and Recommendation, the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on January 26, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties